# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RANDELL MACK DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:22-cv-01157-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. Petitioner Randell Mack Davis has filed a document titled "Motion Under 28 U.S.C. § 2241 for § 3584 and § 5G1.3," arguing that his federal sentence in *United States v. Davis*, No. 4:17-cr-195-JAR-1 should be run concurrently to his undischarged state sentence. (Docket No. 1). Having reviewed petitioner's criminal case, the Court takes judicial notice of the fact that on July 13, 2021, petitioner filed a similar motion in his criminal case, asserting that his federal sentence should be run concurrently to the remainder of his undischarged term of imprisonment. It does not appear that the motion has been ruled upon.

The Court has determined that petitioner's request to have his sentences run concurrently properly belongs in his criminal action, rather than in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (explaining that "a claim attacking the execution of [a] sentence should be brought in a § 2241 petition"). That is, petitioner is not attacking the execution of his sentence or attempting to make the government fulfill a promise. Rather, he contends "that a District Judge has the authority to create a Federal sentence that runs completely concurrent with an already running state sentence," and therefore "seeks full concurrency for his" instant sentence. Because petitioner has filed a motion in his

criminal case, and because his request is better dealt with in that action, the Court will dismiss this action without prejudice. Having determined that petitioner has not made a substantial showing of the denial of a federal right, the Court will not issue a certificate of appealability. *See Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 9th day of May, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE